IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT
SEP 21 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 11mj781 |
| ) | |
| CONSTANCE LYNN McGOWAN, ) | |
| Defendant.    ) | |

## STATEMENT OF FACTS

The United States and the defendant, Constance Lynn McGowan, agree that had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. The defendant, Constance Lynn McGowan, was a Signals Collection Analyst with the Federal Bureau of Investigation (FBI) and was employed as such from August 2004 through December 2010. In connection with her work for the FBI, the defendant was granted a Top Secret clearance with Sensitive Compartmented Information (SCI) access and she worked in an FBI Sensitive Compartmented Information Facility (SCIF).

2. In April 2010, FBI Counterintelligence was alerted that the defendant, McGowan, might be removing documents from an FBI SCIF without authorization. The FBI SCIF where McGowan was removing these documents was located in Quantico, Virginia, within the Eastern District of Virginia.

3. The defendant signed written security briefings acknowledging classified information handling requirements and the legal penalties for failing to adhere to these standards. The defendant also completed information security training. The defendant was neither authorized to

remove classified material and store it in her residence nor was she authorized to transport classified information outside the FBI secure location.

4. After April 2010, FBI Counterintelligence agents confirmed that the defendant was in fact removing documents from her FBI workplace without authorization.

5. On December 2, 2010, the defendant was interviewed by FBI Counterintelligence Agents. The defendant denied removing classified information from the FBI SCIF without authorization, but did admit she altered documents in an effort to make them unclassified before removing them from the FBI SCIF. The defendant further advised that she may have taken such documents to her residence and that these documents were in a safe within her residence with access only by herself and her husband.

6. The defendant promptly returned approximately 111 documents to the FBI on December 3, 2010, and another 14 documents on December 7, 2010. The returned documents were reviewed by FBI officials and an FBI Original Classification Authority who concluded that nine pages of the removed documents were classified at the Secret/SCI level. Five of the nine pages were unaltered and the other four were altered via pen but were still readable.

7. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the government. It does not include each and every fact known to the defendant or the government, and it is not intended to be a complete enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant as recounted above were in all respects knowing and deliberate, reflecting an intention to commit the crime of unauthorized removal and retention

of classified documents or materials, ~~and were not committed by mistake, accident, or other innocent reason.~~ *RLW/CR*

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By: _____
        Ronald L. Walutes, Jr.
        Assistant United States Attorney

_____
Clifford Rones
Senior Trial Attorney,
National Security Division
United States Department of Justice

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Constance Lynn McGowan, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Constance Lynn McGowan
Defendant


I am Constance Lynn McGowan's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Nina Ginsberg, Esquire
Attorney for Constance Lynn McGowan

4